**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KENAN ALEXANDER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:25-cv-5239 |
| v. | § | |
| | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| *Defendant.* | § | |
| | § | |

---

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**

**DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

GREENBERG TRAURIG, LLP
Jennifer Tomsen
Texas Bar No. 24064535
tomsenj@gtlaw.com
Stephen Edmundson
Texas Bar No. 00796507
edmundsons@gtlaw.com
Steven Higginbotham
State Bar No. 24125274
higginbothams@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone:  (713) 374-3500
Facsimile:  (713) 374-3505

COUNSEL FOR DEFENDANT, JPMORGAN CHASE BANK, N.A.

## **TABLE OF CONTENTS**

I.      NATURE AND STAGE OF THE PROCEEDING ................................................. 1

II.     ISSUES AND APPLICABLE LEGAL STANDARD ........................................... 1

           1.    Whether Plaintiff's Claims Fail to State a Claim Upon Which Relief Can Be Granted ........................................................... 1

           2.    Whether Plaintiff's Claims are Time-Barred By Contractual and/or Statutory Limitations Periods ............................................ 2

           3.    Whether Plaintiff's Claims are Barred by Statutory or Contractual Defenses, Including the Repeat Wrongdoer Rule, and/or the Economic Loss Rule ...................................... 2

           4.    Whether Plaintiff's DTPA Claim Meets the Heightened Pleading Standard of Rule 9(b) ........................................... 3

III.    SUMMARY OF THE ARGUMENT ....................................................... 3

IV.     ARGUMENT AND AUTHORITIES ...................................................... 4

     A.    Plaintiff's Claims Are Barred By Contractual and Statutory Limitations Periods ....................................................... 4

           1.    The reporting period in the governing contract bars all of Plaintiff's claims. ................................................. 4

           2.    All of Plaintiff's claims are barred by the "Repeat Wrongdoer Rule." ............................................... 5

           3.    Statutory limitations periods also bar most of the transactions at issue ................................................... 6

           4.    The "discovery rule" does not apply .......................... 7

     B.    Plaintiff Fails to State a Claim Under the Electronic Fund Transfer Act (EFTA). .......................................................... 8

     C.    Plaintiff's DTPA Claim Is Not Adequately Pled and Is Also Barred By the Economic Loss Rule. ................................................ 9

           1.    Plaintiff's DTPA claim is not pled with particularity under Rule 9(b). ............................................................ 9

           2.    Plaintiff's DTPA claim is merely a claim for breach of contract. ........... 10

           3.    Plaintiff's DTPA claim is precluded by the economic loss rule. .............. 10

     D.    Plaintiff Does Not Plead A Viable Conversion Claim, and Such Claim Is Barred By the Economic Loss Rule. ..................................... 11

     E.    Plaintiff's Negligence Claim Fails Because of the Economic Loss Rule, Lack of Proximate Cause, and Failure to Otherwise Plead a Plausible Right to Relief. ........................................................ 12

           1.    Plaintiff's negligence claim is barred by the economic loss rule. .............. 12

| | 2. | Plaintiff cannot plausibly plead proximate cause because his estranged wife's actions caused his alleged harm | 13 |

| F. | | Plaintiff's Breach of Contract Claim Is Inadequately Pled | 14 |
| G. | | Plaintiff's Claims for Breach of Fiduciary Duty and Breach of the Duty of Good Faith and Fair Dealing Fail. | 14 |

| | 1. | Plaintiff's breach of fiduciary duty claim fails because the relationship between a bank and its customer is generally not a fiduciary one. | 14 |
| | 2. | Plaintiff's implied duty of good faith and fair dealing is deficiently pled | 15 |

| H. | | Plaintiff's Claim Under the Texas Identity Theft Enforcement and Protection Act ("TITEPA") should be dismissed. | 16 |
| I. | | Plaintiff Does Not Adequately Plead A Right to Mental Anguish Damages | 16 |
| J. | | Plaintiff Does Not Adequately Plead a Right to Punitive Damages. | 17 |

| V. | CONCLUSION | 18 |

| I. | NATURE AND STAGE OF THE PROCEEDING | 1 |
| II. | ISSUES AND STANDARD OF REVIEW | 1 |

| | 1. | Whether Plaintiff's Claims Fail to State a Claim Upon Which Relief Can Be Granted | 1 |
| | 2. | Whether Plaintiff's Claims Are Time-Barred By Contractual and/or Statutory Limitations Periods | 2 |
| | 3. | Whether Plaintiff's Claims Are Barred by Statutory or Contractual Defenses, Including the Repeat Wrongdoer Rule, and/or the Economic Loss Rule, and Are Otherwise Adequately Pled | 2 |
| | 4. | Whether Plaintiff's DTPA Claim Meets the Heightened Pleading Standard of Rule 9(b) and Is Barred By the Economic Loss Rule | 3 |

| III. | SUMMARY OF THE ARGUMENT | 3 |
| IV. | ARGUMENT AND AUTHORITIES | 4 |

| A. | | Plaintiff's Claims Are Barred By Contractual and Statutory Limitations Periods | 4 |

| | 1. | The reporting period in the governing contract bars all of Plaintiff's claims. | 4 |
| | 2. | All of Plaintiff's claims are barred by the "Repeat Wrongdoer Rule." | 5 |

3.      Statutory limitations periods also bar most of the transactions at issue............................................................................................. 6

4.      The "discovery rule" does not apply........................................................ 7

B.      Plaintiff Fails to State a Claim Under the Electronic Fund Transfer Act (EFTA). ................................................................................................. 8

C.      Plaintiff's DTPA Claim Is Not Adequately Pled and Is Also Barred By the Economic Loss Rule. ................................................................................ 9

1.      Plaintiff's DTPA claim is not pled with particularity under Rule 9(b). ....................................................................................................... 9

2.      Plaintiff's DTPA claim is merely a claim for breach of contract. ............ 10

3.      Plaintiff's DTPA claim is precluded by the economic loss rule. .............. 10

D.      Plaintiff Does Not Plead A Viable Conversion Claim, and Such Claim Is Barred By the Economic Loss Rule. ....................................................... 11

E.      Plaintiff's Negligence Claim Fails Because of the Economic Loss Rule, Lack of Proximate Cause, and Failure to Otherwise Plead a Plausible Right to Relief. ............................................................................................ 12

1.      Plaintiff's negligence claim is barred by the economic loss rule. ............. 12

2.      Plaintiff cannot plausibly plead proximate cause because his estranged wife's actions caused his alleged harm. ..................................... 13

F.      Plaintiff's Breach of Contract Claim Is Inadequately Pled. ................................. 14

G.      Plaintiff's Claims for Breach of Fiduciary Duty and Breach of the Duty of Good Faith and Fair Dealing Fail. ............................................................ 14

1.      Plaintiff's breach of fiduciary duty claim fails because the relationship between a bank and its customer is generally not a fiduciary one. ............................................................................................ 14

2.      Plaintiff's implied duty of good faith and fair dealing is deficiently pled. ............................................................................................................ 15

H.      Plaintiff's Claim Under the Texas Identity Theft Enforcement and Protection Act ("TITEPA") should be dismissed. ................................................. 16

I.      Plaintiff Does Not Adequately Plead A Right to Mental Anguish Damages. ......................................................................................................... 16

J.      Plaintiff Does Not Adequately Plead a Right to Punitive Damages. .................... 17

V.   CONCLUSION............................................................................................. 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*ADC Rig Services, Inc. v. JPMorgan Chase Bank, N.A.*,
   641 F. Supp. 2d 617 (S.D. Tex. 2009) ...................................................................7

*AlphaVets, Inc. v. JPMorgan Chase Bank, N.A.*,
   651 F. Supp. 3d 810 (D.S.C. 2023).....................................................................13

*ASARCO LLC v. Americas Min. Corp.*,
   382 B.R. 49 (S.D. Tex. 2007), *on reconsideration in part sub nom. ASARCO
   LLC v. Americas Mining Corp.*, 396 B.R. 278 (S.D. Tex. 2008) ...........................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................................1, 2

*BCC Merch. Sols., Inc. v. Jet Pay, LLC*,
   129 F. Supp. 3d 440 (N.D. Tex. 2015) ..............................................................3, 10

*Bell Atl. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................1, 2

*Carson v. Dynegy, Inc.*,
   344 F.3d 446 (5th Cir. 2003) ................................................................................11

*Cisneros v. Christiana*,
   No. 7:17-CV-00160, 2017 U.S. Dist. LEXIS 235967 (S.D. Tex. 2017) ................14

*Curtis v. Cerner Corp.*,
   621 B.R. 141 (S.D. Tex. 2020) ..........................................................................3, 9

*Frame v. City of Arlington*,
   657 F.3d 215 (5th Cir. 2011) ..............................................................................2, 6

*Giovinale v. JP Morgan Chase Bank, N.A.*,
   No. CV H-16-986, 2017 WL 1092312 (S.D. Tex. Mar. 23, 2017)...................14, 15

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.*,
   302 F.3d 552 (5th Cir. 2002) ................................................................................9

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
   453 B.R. 645 (N.D. Tex. 2011)..............................................................................5

*Maynard v. PayPal, Inc.*,
   2019 WL 3552432 (N.D. Tex. 2019)....................................................................16

*Morse v. Commonwealth Land Title Ins. Co.*,
   Case No. 4:12CV375, 2013 WL 5372395 (E.D. Tex. Sept. 25, 2013)...................14

*Mullins v. TestAmerica, Inc.*,
   564 F.3d 386 (5th Cir. 2009) ................................................................................14

*Newhouse v. JPMorgan Chase Bank, N.A.*,
    No. 4:18-CV-0836, 2018 U.S. Dist. LEXIS 206417 (S.D. Tex. 2018) ................................14

*Patton v. Experian Data Corp.*,
    2018 WL 6190349 (C.D. Cal. Jan. 23, 2018) ................................................................16

*Salek v. SunTrust Mortgage, Inc.*,
    No. 4:18-CV-1664, 2018 WL 3756887 (S.D. Tex. Aug. 8, 2018) ........................................10

*Sanchez v. Bank of S. Tex.*,
    494 F. Supp. 3d 421 (S.D. Tex. 2020) ..........................................................................11

*Shakeri v. ADT Sec. Servs., Inc.*,
    816 F.3d 283 (5th Cir. 2016) ......................................................................................10

*Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*,
    98 F.4th 161 (5th Cir. 2024) ........................................................................................7

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*,
    365 F.3d 353 (5th Cir. 2004) ........................................................................................9

*Strauch v. Gates Rubber Co.*,
    879 F.2d 1282 (5th Cir. 1989), *cert. denied,* 493 U.S. 1045 (1990)....................................17

*Williams v. De-Valdenbro*,
    No. 4:13-CV-960, 2014 WL 4640745 (S.D. Tex. Sept. 10, 2014)..........................................6

*Xtreme Power Plan Tr. v. Schindler (In re Xtreme Power Inc.)*,
    563 B.R. 614 (Bankr. W.D. Tex. 2016) ..........................................................................5

**State Cases**

*Adolph Coors Co. v. Rodriguez*,
    780 S.W.2d 477 (Tex.App.—Corpus Christi 1989, writ denied) ...........................................15

*All Am. Siding & Windows, Inc. v. Bank of America, N.A.*,
    367 S.W.3d 490 (Tex. App.—Texarkana 2012, pet. denied) ...........................................3, 10

*Allways Auto Grp., Ltd. v. Walters*,
    530 S.W.3d 147 (Tex. 2017)........................................................................................13

*Arnold v. National County Mut. Fire Ins. Co.*,
    725 S.W.2d 165 (Tex.1987)..........................................................................................15

*Bennett v. Grant*,
    525 S.W.3d 642 (Tex. 2017)........................................................................................17

*Canfield v. Bank One, Tex., N.A.*,
    51 S.W.3d 828 (Tex. App.—Texarkana 2001, pet. denied) .............................................7, 10

*Carson Energy, Inc. v. Riverway Bank*,
    100 S.W.3d 591 (Tex. App.—Texarkana 2003, pet. denied) .............................................12

*Citizens Nat. Bank of Dallas v. Hill*,
    505 S.W.2d 246 (Tex. 1974)........................................................................................12

*City of Tyler v. Likes*,
  962 S.W.2d 489 (Tex. 1997)..................................................................................16

*Compass Bank v. Calleja-Ahedo*,
  569 S.W.3d 104 (Tex. 2018)..............................................................................2, 6

*Contractors Source, Inc. v. Amegy Bank Nat'l Ass'n*,
  462 S.W.3d 128 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ....................6, 8

*Crawford v. Ace Sign, Inc.*,
  917 S.W.2d 12 (Tex. 1996) (per curiam)............................................................10

*Davis v. West*,
  317 S.W.3d 301 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ......................14

*Delgado v. Methodist Hosp.*,
  936 S.W.2d 479 (Tex. App.—Houston [14th Dist.] 1996, no writ)....................16

*English v. Fischer*,
  660 S.W.2d 521 (Tex. 1983)...............................................................................15

*Exxon Mobil Corp. v. Kinder Morgan Operating L.P.*,
  192 S.W.3d 120 (Tex. App.—Houston [14th Dist.] 2006, no pet.).....................12

*Farah v. Mafrige & Kormanik, P.C.*,
  927 S.W.2d 663 (Tex. App.—Houston [1st Dist.] 1996, no writ).......................15

*Fed. Deposit Ins. Corp. v. Coleman*,
  795 S.W.2d 706 (Tex. 1990)...............................................................................15

*First State Bank, N.A. v. Morse*,
  227 S.W.3d 820 (Tex. App.—Amarillo 2007, no pet.) ......................................13

*Hallmark v. Hand*,
  885 S.W.2d 471 (Tex. App.—El Paso 1994, writ denied)..................................17

*Hodge v. N. Tr. Bank*,
  54 S.W.3d 518 (Tex. App.—Eastland 2001, pet. denied) ..................................11

*Jim Walter Homes, Inc. v. Reed*,
  711 S.W.2d 617 (Tex. 1986)...............................................................................12

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*,
  242 S.W.3d 1 (Tex. 2007)...................................................................................13

*Parkway Co. v. Woodruff*,
  901 S.W.2d 434 (Tex. 1995)...............................................................................17

*Phan Son Van v. Pena*,
  990 S.W.2d 751 (Tex. 1999)...............................................................................13

*Primexx Energy Opportunity Fund, LP v. Primexx Energy Corp.*,
  709 S.W.3d 619 (Tex. Bus. Ct. 2025), *reconsideration denied*, 713 S.W.3d
  416 (Tex. Bus. Ct. 2025)....................................................................................15

*Rodriguez-Escobar v. Goss*,
  392 S.W.3d 109 (Tex. 2013)...............................................................................13

*Sterling Chemicals, Inc. v. Texaco Inc.*,
   259 S.W.3d 796 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)................................2, 12

*Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*,
   300 S.W.3d 348 (Tex. App.—Dallas 2009, pet. denied) ........................................................11

*W. Investments, Inc. v. Urena*,
   162 S.W.3d 547 (Tex. 2005)...................................................................................................13

**Federal Statutes**

15 U.S.C. § 1693 et seq..............................................................................................................7

15 U.S.C. § 1693f ......................................................................................................................8

15 U.S.C. § 1693f(a) .................................................................................................................8

15 U.S.C. § 1693m(g) ...............................................................................................................7

**State Statutes**

Tex. Bus. & Com. Code § 4.406 ................................................................................................7

Tex. Bus. & Com. Code § 4.406(d)(2) .......................................................................2, 5, 6, 8

Tex. Bus. & Com. Code § 17.565 ..............................................................................................7

Tex. Bus. & Com. Code § 521.151 ..........................................................................................16

Tex. Bus. & Com. Code § 521.152 ............................................................................................7

Tex. Civ. Prac. & Rem. Code § 16.003(a) .................................................................................7

Tex. Civ. Prac. & Rem. Code § 16.004(a)(5) ............................................................................7

Texas Deceptive Trade Practices Act ..............................................................1, 3, 4, 7, 9, 10, 11

Texas Electronic Fund Transfer Act ..................................................................1, 3, 7, 8, 9

Texas Identity Theft Enforcement and Protection Act ....................................................1, 4, 7, 16

**Rules**

Fed. R. Civ. P. 8 ..............................................................................................................1, 3, 10

Fed. R. Civ. P. 9(b) .......................................................................................................3, 4, 9, 10

Fed. R. Civ. P.  12(b)(6) ...............................................................................................1, 2, 3, 6

**Regulations**

12 C.F.R. § 205.6 ......................................................................................................................8

12 C.F.R § 205.11 ......................................................................................................................8

## I.  NATURE AND STAGE OF THE PROCEEDING

Plaintiff, Kenan Alexander, filed this action on November 3, 2025, alleging Defendant JPMorgan Chase Bank, N.A. ("Chase") is liable for allegedly unauthorized Zelle transfers from Plaintiff's account made by his estranged wife that took place in 2018 and 2024 [Dkt. 1].  Plaintiff brings claims for:

- Violation of the Electronic Fund Transfer Act (EFTA);
- Negligence;
- Conversion;
- Breach of Contract;
- Violation of Texas Deceptive Trade Practices Act (DTPA);
- Violation of Texas Identity Theft Enforcement and Protection Act (TITEPA); and
- Breach of Fiduciary Duty / Good Faith and Fair Dealing.

Chase was served on December 22, 2025.  Chase now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint in its entirety.

## II.  ISSUES AND STANDARD OF REVIEW

This motion presents the following issues for resolution by the Court:

1.  ***Whether Plaintiff's Claims Fail to State a Claim Upon Which Relief Can Be Granted***

The Court must assess whether Plaintiff's Complaint contains sufficient factual allegations to state a plausible claim for relief to survive dismissal under Rule 12(b)(6).  Rule 8(a) requires a plaintiff to show that he is entitled to relief and to plead "enough facts to state a claim to relief that is plausible on its face."  Fed. R. Civ. P. 8(a); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim meets this standard only if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  In conducting its 12(b)(6) inquiry, the Court should disregard all factual and legal conclusions and

determine whether the well-pleaded facts permit a *plausible*—not merely *possible*—inference of misconduct. *Id.*; *Iqbal*, 556 U.S. at 678.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide the "grounds" for his "entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiff must include allegations that "plausibly suggest" the plaintiff has a right to relief, and "if they do not, the plaintiff pleads itself out of court." *Id.* at 555. Further, while the court on a motion to dismiss accepts plaintiff's well-pleaded factual allegations as true, "[t]his deference is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Each claim must also contain the requisite factual information for that asserted claim, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are never sufficient. *Id.*

2. **Whether Plaintiff's Claims Are Time-Barred By Contractual and/or Statutory Limitations Periods**

The Court must determine whether Plaintiff's claims are time-barred under the applicable contractual reporting periods and statutory limitations periods. Dismissal is appropriate on statute of limitations grounds under Rule 12(b)(6) where the pleadings affirmatively demonstrate that claims are barred and no basis for tolling is alleged. *Frame v. City of Arlington*, 657 F.3d 215, 241 (5th Cir. 2011).

3. **Whether Plaintiff's Claims Are Barred by Statutory or Contractual Defenses, Including the Repeat Wrongdoer Rule, and/or the Economic Loss Rule, and Are Otherwise Adequately Pled**

The Court must decide whether Plaintiff's claims are precluded by statutory defenses, including the repeat wrongdoer rule under Tex. Bus. & Com. Code § 4.406(d)(2), or by the economic loss rule, which restricts tort claims arising out of contractual relationships. *Compass Bank v. Calleja-Ahedo*, 569 S.W.3d 104, 112 (Tex. 2018); *Sterling Chemicals, Inc. v. Texaco Inc.*,

259 S.W.3d 796 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("[I]f a plaintiff only seeks to recover for the loss or damage to the subject matter of a contract, he cannot maintain a tort action against a defendant").  In general, the Court must decide whether each of Plaintiff's claims is sufficiently pled under federal pleading standards, particularly Rules 8(a) and 9(b).

4.   ***Whether Plaintiff's DTPA Claim Meets the Heightened Pleading Standard of Rule 9(b) and Is Barred By the Economic Loss Rule***

The Court must consider whether Plaintiff has pled his DTPA claim with the requisite particularity under Rule 9(b), *see Curtis v. Cerner Corp.*, 621 B.R. 141, 167 (S.D. Tex. 2020).  The Court will also consider whether the DTPA claim is really just a breach of contract claim and whether the economic loss rule bars the claim.  *All Am. Siding & Windows, Inc. v. Bank of America, N.A.*, 367 S.W.3d 490, 503 (Tex. App.—Texarkana 2012, pet. denied) (rejecting DTPA claim based on alleged failure to reimburse for fraudulent transactions as merely a contract dispute); *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 469 (N.D. Tex. 2015) (the economic loss rule applies to DTPA claims).

## III.   <u>SUMMARY OF THE ARGUMENT</u>

Plaintiff's Complaint should be dismissed in its entirety under Rule 12(b)(6).  None of the transactions at issue, which occurred in 2018 and 2024, satisfy the 60-day reporting requirements under the governing account agreement, and accordingly, any recovery on these allegedly unauthorized transactions is barred.  The statutory and common law limitations periods likewise bar recovery on most if not all of the transactions at issue, and the repeat wrongdoer rule forecloses recovery for all subsequent unauthorized withdrawals when the initial wrongful activity was not timely reported.

Moreover, Plaintiff's causes of action all suffer from other fatal pleading defects:

- **EFTA:**  failure to meet statutory reporting requirements;

<u>DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u> – Page 3

- **DTPA:**  not pled with particularity under Rule 9(b), a contract claim in disguise, and subject to economic loss rule;

- **Conversion:**  no wrongful exercise over Plaintiff's funds by Chase, and subject to economic loss rule;

- **Negligence:**  no duty pled outside the contract, and wife's alleged conduct is a superseding cause preventing establishment of proximate cause;

- **Breach of contract:**  no pleading of any specific contractual provision breached;

- **Breach of fiduciary duty and duty of good faith:**  Plaintiff's customer relationship with Chase was not fiduciary, and Plaintiff has pled no facts creating such a relationship or imposing a duty of good faith and fair dealing;

- **TITEPA:**  no private cause of action under any applicable provision, and no facts pled to support cause of action for intentional identity theft;

- **Mental anguish damages:**  not available where a contract governs the relationship, and not adequately pled; and

- **Punitive damages:**  not available without an adequately pled underlying cause of action, and egregious conduct by Chase not adequately pled.

## IV.     ARGUMENT AND AUTHORITIES

**A.     Plaintiff's Claims Are Barred By Contractual and Statutory Limitations Periods.**

Plaintiff's claims rest upon allegedly unauthorized Zelle transfers that occurred in:

- 2018
- May and June 2024
- July 2024

Dkt. 1, Ex. C.  Plaintiff filed this Complaint on November 3, 2025.

1.     The reporting period in the governing contract bars all of Plaintiff's claims.

Plaintiff's account at the center of this lawsuit is governed by a contract between Plaintiff and Chase, the Deposit Account Agreement ("DAA").  **Ex. A.**  On a 12(b)(6) motion to dismiss, the Court may consider extrinsic documentary evidence if the document is (1) attached to the

motion; (2) referred to in plaintiff's complaint; and (3) "central" to one of plaintiff's claims. *Xtreme Power Plan Tr. v. Schindler (In re Xtreme Power Inc.)*, 563 B.R. 614, 629 (Bankr. W.D. Tex. 2016). When a claim is based on the terms of a contract, the documents constituting the contract are central to the claim. *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). These conditions are satisfied, and therefore the Court here may consider the DAA in evaluating Plaintiff's pleading.

The DAA expressly requires that complaints be made <u>in writing within specific deadlines</u> or the customers waive all rights. The DAA requires customers to contact Chase promptly regarding errors or questions about electronic funds transfers: **"We must hear from you NO LATER than 60 days after we sent you the FIRST statement on which the error appeared."** Ex. A, Section D(5), p. 13 (bold emphasis added). In addition to this provision, the DAA also requires that any lawsuit be brought "within two years after the cause of action arises, unless federal or state law… provides for a shorter time." Section IX(Q), p. 25.

Plaintiff's pleading confirms that he did not satisfy the contractual reporting requirement for errors relating to electronic funds transactions. The 60-day reporting requirement was not met here for *any* transaction at issue, as the last alleged unauthorized transactions took place in July 2024, and Plaintiff pleads that he did not report unauthorized activity to Chase until at least mid-October 2024 (Complaint at ¶¶ 15-17). As to the transactions in 2018, Plaintiff likewise did not satisfy the contractual requirement to bring any claim within two years.

> 2.    <u>All of Plaintiff's claims are barred by the "Repeat Wrongdoer Rule."</u>

The "repeat wrongdoer rule," Section 4.406(d)(2) of the Business and Commerce Code, precludes liability of a bank for subsequent withdrawals by the same wrongdoer if the customer fails to timely report the initial wrongful transactions. The Texas Supreme Court addressed this principle in *Compass Bank v. Calleja-Ahedo*, finding that when a customer "had been afforded a

reasonable period of time, not exceeding 30 days, in which to examine the item or statement of account and notify the bank," subsequent withdrawals "by the same wrongdoer" cannot be recovered from the bank.  569 S.W.3d 104, 112 (Tex. 2018).  The Court emphasized that this rule operates **"without regard to care or lack of care of either the customer or the bank."**  *Id.* at 110 (emphasis added).

In *Contractors Source, Inc. v. Amegy Bank National Association*, the Texas Court of Appeals applied Section 4.406(d)(2) to bar recovery for forged checks and unauthorized ACH transactions after a bookkeeper's fraud went unreported for over two years.  462 S.W.3d 128, 134-37 (Tex. App.—Houston [1st Dist.] 2015, no pet.).  The court held that once the bank demonstrated the customer failed to report initial unauthorized transactions within 30 days, the customer "may not recover for 'any other item' paid in good faith by the bank" due to the same wrongdoer's acts.  *Id.*  The court applied this rule not only to checks but to non-check electronic transactions, like the electronic transfers at issue here.  *Id.*

The repeat wrongdoer rule squarely bars Plaintiff's claims for any alleged unauthorized withdrawals by the same wrongdoer—Plaintiff's estranged wife—after the initial allegedly wrongful Zelle transfers were clearly disclosed on Plaintiff's 2018 account statement.

3.   Statutory limitations periods also bar most of the transactions at issue.

A complaint "may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Frame v. City of Arlington*, 657 F.3d 215, 241 (5th Cir. 2011), *cert. denied*, 565 U.S. 1200 (2012); *Williams v. De-Valdenbro*, No. 4:13-CV-960, 2014 WL 4640745, at *2 (S.D. Tex. Sept. 10, 2014) (where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted) (citation and quotation omitted).

Plaintiff here attaches account statements and an online printout of transactions reflecting

Zelle transfers to his estranged wife "Dayana," most of which occurred in *2018 – approximately*

*<u>seven years</u>* before Plaintiff filed his lawsuit.  Dkt. 1 at Ex. C, p. 1-4.  None of Plaintiff's causes

of action has a limitations period longer than four years:

| Claim | Limitations period | Authority |
|---|---|---|
| EFTA (15 U.S.C. § 1693 et seq.) | **1 year** from the date of the violation | 15 U.S.C. § 1693m(g) |
| Negligence | **2 years** | Tex. Civ. Prac. & Rem. Code § 16.003(a) |
| Conversion | **2 years** | Tex. Civ. Prac. & Rem. Code § 16.003(a) |
| DTPA | **2 years** | Tex. Bus. & Com. Code § 17.565 |
| TITEPA | **2 years** | Tex. Bus. & Com. Code § 521.152; § 17.565 |
| Breach of duty of good faith | **2 years** | Tex. Civ. Prac. Rem. Code § 16.003(a) |
| Breach of contract | **4 years** from breach | *Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 166 (5th Cir. 2024) |
| Breach of fiduciary duty | **4 years** | Tex. Civ. Prac. & Rem. Code § 16.004(a)(5) |

Accordingly, all of the 2018 transactions at issue are unequivocally time-barred, and all of the

transactions at issue, including those in 2024, are time-barred under EFTA's one-year limitations

period.

        4.    <u>The "discovery rule" does not apply</u>.

Plaintiff pleads no grounds for applying the "discovery rule" to toll the running of the

limitations periods.  Texas law places the burden on accountholders to exercise reasonable care in

discovering unauthorized transactions.  Customers "must exercise reasonable promptness in

examining the statement or the items to determine whether any payment was not authorized."  Tex.

Bus & Com. Code §  4.406.  "Section 4.406 acknowledges that the customer is in the best position

to detect unauthorized transactions on his or her account, and it places the burden on the customer

to exercise reasonable care to discover and report unauthorized transactions."  *Canfield v. Bank*

*One, Tex., N.A.*, 51 S.W.3d 828, 835 (Tex. App.—Texarkana 2001, pet. denied); *ADC Rig*

*Services, Inc. v. JPMorgan Chase Bank, N.A.*, 641 F. Supp. 2d 617, 622 (S.D. Tex. 2009) ("the

customer  bears  the  loss  when  he  fails  to  detect  and  notify  the  bank  about  unauthorized

transactions," and monthly account statements containing transaction details provided customers with "enough information to detect that an unauthorized transaction occurred").  This principle extends to electronic fund transfers such as the Zelle payments at issue here.  *Contractors Source, Inc. v. Amegy Bank Nat'l Ass'n*, 462 S.W.3d 128, 135 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("the term 'item' is to be read broadly under Texas law… We hold that Straten's non-check transactions were not payment orders, but instead were items within the meaning of Chapter 4 and thus not excluded from the scope of Section 4.406(d)(2) on that basis").

Here, Plaintiff's Complaint demonstrates that he received regular monthly account statements:  not only did Plaintiff attach the statements to his pleading, the name and address on the statements are the ***same*** as appear in the Verification signed by Plaintiff on page 8 of the Complaint.  These statements clearly list each Zelle transfer, including the name of the recipient (e.g., "Dayana").  Plaintiff pleads no facts that would warrant the tolling of limitations periods in these circumstances.

**B.     Plaintiff Fails to State a Claim Under the Electronic Fund Transfer Act (EFTA).**

The EFTA and Regulation E contain error resolution procedures to address claims for unauthorized fund transfers from a customer's account.  15 U.S.C. § 1693f; 12 C.F.R § 205.11. The consumer must provide oral or written notice to the financial institution of an "error" within 60 days after the financial institution sends the statement on which the alleged error is first reflected.  15 U.S.C. § 1693f(a); 12 C.F.R. § 205.11(b)(1)(i).  The definition of "error" includes an "unauthorized electronic fund transfer." 12 C.F.R. 205.11(a)(1)(i).  If the consumer fails to notify the financial institution within the 60-day period, the consumer is precluded from recovering on unauthorized transactions that occur after that 60-day period expires.  15 U.S.C. § 1693f(a); 12 C.F.R. § 205.6.

As with the contractual reporting period, the EFTA's 60-day reporting requirement was

not met here for *any* transaction at issue, as the last alleged unauthorized transactions took place in July 2024, and Plaintiff vaguely pleads that he reported unauthorized activity to Chase sometime in at least mid-October 2024 (Complaint at ¶¶ 15-17).  Accordingly, Plaintiff has failed to plead facts sufficient to state an EFTA claim.

**C.      Plaintiff's DTPA Claim Is Not Adequately Pled and Is Also Barred By the Economic Loss Rule.**

The elements of a Deceptive Trade Practices Act claim are (1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damage.  *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2016).  Plaintiff's DTPA claim must be dismissed because it is not pled with particularity under Rule 9(b), and DTPA claims sounding in contract are barred by the economic loss rule.

1.      Plaintiff's DTPA claim is not pled with particularity under Rule 9(b).

Plaintiff must plead his DTPA claim with particularity under Rule 9(b).  *Curtis v. Cerner Corp.*, 621 B.R. 141, 167 (S.D. Tex. 2020); *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).  The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to **specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.**"  *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)) (emphasis added).  Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue."  *Id.* (citation omitted).

Plaintiff's DTPA claim fails because he does not plead any "false, misleading, or deceptive act" by Chase.  Plaintiff merely alleges in conclusory fashion that Chase "failed to disclose material facts about the unauthorized online banking enrollment and misrepresented account security

measures," without identifying **any** specific statement, speaker, time, or place (Complaint at ¶¶ 36-37). Such allegations are classic "labels and conclusions" and fail even the basic notice pleading standard of Rule 8, let alone the particularity required by Rule 9(b).

    2.    <u>Plaintiff's DTPA claim is merely a claim for breach of contract.</u>

Plaintiff's DTPA claim is, in substance, a breach of contract claim (failure to reimburse Plaintiff for allegedly unauthorized transactions) repackaged as a statutory violation, which is not actionable under the DTPA. A mere breach of contract, without more, does not constitute a false, misleading, or deceptive act under the DTPA. *All Am. Siding & Windows, Inc. v. Bank of America, N.A.*, 367 S.W.3d 490, 503 (Tex. App.—Texarkana 2012, pet. denied) (rejecting DTPA claim based on alleged failure to reimburse for fraudulent transactions as merely a contract dispute); *Canfield v. Bank One, Texas, N.A.*, 51 S.W.3d 828, 839 (Tex. App.—Texarkana 2001, pet. denied) ("Nonperformance under a contractual obligation does not equate to misrepresentation under the DTPA. If so, then every breach of contract would be converted to a DTPA claim").

    3.    <u>Plaintiff's DTPA claim is precluded by the economic loss rule.</u>

The Texas Supreme Court has extended the principles underlying the economic loss rule to DTPA claims. *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 469 (N.D. Tex. 2015). An allegation of a breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA, and "as with the economic loss rule, the inquiry is whether the alleged unconscionable conduct 'could have resulted in the absence of a contract between the parties.'" *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 295 (5th Cir. 2016) (quoting *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996) (per curiam)).

Plaintiff does not specify any alleged conduct that would <u>not</u> exist but for his account held at Chase, subject to the applicable account agreements. *Salek v. SunTrust Mortgage, Inc.*, No. 4:18-CV-1664, 2018 WL 3756887, at *7 (S.D. Tex. Aug. 8, 2018) (granting a motion to dismiss,

noting "… Plaintiff's DTPA claim rests on the untenable premise that Defendant's alleged breach of the Deed of Trust also constitutes an unconscionable act within the meaning of the DTPA. Under Texas law, such claims may be asserted in contract only, and not in tort under the DTPA").

**D.     Plaintiff Does Not Plead A Viable Conversion Claim, and Such Claim Is Barred By the Economic Loss Rule.**

Under Texas law, conversion is "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (quotation and citation omitted). Plaintiff must plead that (1) Plaintiff owned property; (2) Chase unlawfully and without authorization assumed and exercised control over the property inconsistent with Plaintiff's rights; (3) Plaintiff demanded return of the property; and (4) Chase refused to return it. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 366 (Tex. App.—Dallas 2009, pet. denied).

Plaintiff's conversion claim fails because general deposits are not "property" capable of being converted. A general bank deposit "creates a debtor-creditor relationship between the depositor and the bank" under which "[t]itle to the money passes to the bank, subject to the depositor's demand for payment." *Hodge v. N. Tr. Bank*, 54 S.W.3d 518, 522 (Tex. App.—Eastland 2001, pet. denied). Thus, "[b]ecause a general deposit becomes the property of the bank, the depositor has no action for conversion when the bank wrongfully pays out the deposit." *Id.* Further, Plaintiff's own pleading demonstrates that Chase is not wrongfully holding funds that it transferred to his estranged wife. Finally, there is no conversion where an indebtedness may be discharged generally by the payment of money. *Sanchez v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 439 (S.D. Tex. 2020).

Moreover, where a conversion claim relates to the subject of a contract and involves

contractual duties, the economic loss rule bars the claim.  *See, e.g.*, *Exxon Mobil Corp. v. Kinder Morgan Operating L.P.*, 192 S.W.3d 120, 128 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that conversion claim related to the subject of the contract and involved duties detailed in the contract, and thus the claim sounded only in contract).  As discussed above, the transactions at issue are governed by an account agreement, and therefore Plaintiff's conversion claim is barred by the economic loss rule.

**E.    Plaintiff's Negligence Claim Fails Because of the Economic Loss Rule, Lack of Proximate Cause, and Failure to Otherwise Plead a Plausible Right to Relief.**

      1.    <u>Plaintiff's negligence claim is barred by the economic loss rule.</u>

Plaintiff has not adequately pled any specific duty owed to him that would give rise to a negligence claim.  Banks do not owe their customers a duty to supervise account activity, or to inquire as to why funds are being withdrawn or transferred.  *Citizens Nat. Bank of Dallas v. Hill*, 505 S.W.2d 246, 249 (Tex. 1974) (holding that banks have "no duty to police" the account into which funds were placed so as to determine the manner in which the funds were used after they were withdrawn); *Carson Energy, Inc. v. Riverway Bank*, 100 S.W.3d 591, 601 (Tex. App.—Texarkana 2003, pet. denied) (bank's duty to depositor of funds in commercial demand deposit account arose only from deposit agreement).

Rather, the duties owed by Chase to Plaintiff are governed by the account agreement.  The economic loss rule bars tort claims when a contract forms the basis of a claim.  *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986); *Sterling Chemicals, Inc. v. Texaco Inc.*, 259 S.W.3d 796 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("[I]f a plaintiff only seeks to recover for the loss or damage to the subject matter of a contract, he cannot maintain a tort action against a defendant").  The rule "restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a

consequence of a contracting party's negligence." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007).

Plaintiff's claims center on allegedly unauthorized electronic transfers, which implicate rights, duties, and obligations arising out of his account relationship with Chase. Plaintiff does not sufficiently allege breach of any duty outside the contract. Accordingly, his negligence claim should be dismissed under the economic loss rule.

> 2. <u>Plaintiff cannot plausibly plead proximate cause because his estranged wife's actions caused his alleged harm.</u>

Plaintiff also fails to adequately allege that any purported breach of duty by Chase proximately caused his damages. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (plaintiff must prove a breach of duty proximately caused his damages). Proximate cause has two elements, cause in fact and foreseeability, and "cause in fact" is only established when an act or omission was a substantial factor in causing the injury, without which the harm would not have occurred. *W. Investments, Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). Where the defendant's negligence did no more than furnish the condition that made the injury possible, proximate cause cannot be established. *Allways Auto Grp., Ltd. v. Walters*, 530 S.W.3d 147, 149 (Tex. 2017). Here, even if Chase was somehow negligent (it was not), Plaintiff's alleged harm was ***proximately caused by his estranged wife***, not by Chase.

Plaintiff pleads that his estranged wife made unauthorized electronic transfers, depleting his account. Complaint at ¶¶ 13-17. *If* his wife acted unlawfully, it was her actions that were the substantial factor in causing Plaintiff's injuries: "It has long been the rule that the criminal conduct of a third party normally constitutes a superseding cause relieving a negligent actor of liability." *First State Bank, N.A. v. Morse*, 227 S.W.3d 820, 825 (Tex. App.—Amarillo 2007, no pet.) (citing *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999)); *AlphaVets, Inc. v. JPMorgan Chase*

*Bank, N.A.*, 651 F. Supp. 3d 810, 822 (D.S.C. 2023) (fraudster who directed plaintiff to send funds to a fraudulent account was an intervening cause absolving Chase of negligence liability).

**F.      Plaintiff's Breach of Contract Claim Is Inadequately Pled.**

To maintain a claim for breach of contract, Plaintiff must identify the contract and allege *which terms* were breached. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009); *Newhouse v. JPMorgan Chase Bank, N.A.*, No. 4:18-CV-0836, 2018 U.S. Dist. LEXIS 206417, at *8 (S.D. Tex. 2018) (dismissing claim because plaintiff cannot not rely on vague allegations but must plead specific provisions of the contract that were breached).  "Without identification of the... provisions breached... a breach of contract claim has not been stated and should be dismissed." *Morse v. Commonwealth Land Title Ins. Co.*, Case No. 4:12CV375, 2013 WL 5372395, at *11 (E.D. Tex. Sept. 25, 2013).  Plaintiff "bears the burden of pointing out which specific contractual provision was breached." *Cisneros v. Christiana*, No. 7:17-CV-00160, 2017 U.S. Dist. LEXIS 235967, at *3 (S.D. Tex. 2017).  Plaintiff does not cite *any* specific provision of the deposit agreement allegedly breached.  Complaint at ¶ 34-35.  As a result, this claim fails.

**G.      Plaintiff's Claims for Breach of Fiduciary Duty and Breach of the Duty of Good Faith and Fair Dealing Fail.**

   1.      <u>Plaintiff's breach of fiduciary duty claim fails because the relationship between a bank and its customer is generally not a fiduciary one.</u>

"The relationship between a bank and its customers does not usually create a special or fiduciary relationship." *Davis v. West*, 317 S.W.3d 301, 312 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citation omitted).  Plaintiff here has pled no facts suggesting that his depositor relationship with Chase was atypical and gave rise to a fiduciary relationship. *Giovinale v. JP Morgan Chase Bank, N.A.*, No. CV H-16-986, 2017 WL 1092312, at *4 (S.D. Tex. Mar. 23, 2017) (rejecting plaintiff's claim that high degree of trust and longevity of relationship gave rise to informal fiduciary relationship and dismissing breach of fiduciary duty claim as failing to state a

claim).  Plaintiff pleads no facts to plausibly establish that his "banking relationship [with Chase] was anything more than an arm's-length business transaction."  *Id.*

      2.    <u>Plaintiff's implied duty of good faith and fair dealing is deficiently pled.</u>

The Texas Supreme Court has rejected a general duty of good faith and fair dealing in all contracts, but the duty may exist at common law where a "special relationship" exists between the parties to a contract. *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983); *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987), *modified on other grounds sub nom.* Absent a "special relationship," the duty to act in good faith is contractual in nature, and its breach does not amount to an independent tort.  *Adolph Coors Co. v. Rodriguez*, 780 S.W.2d 477, 481 (Tex.App.—Corpus Christi 1989, writ denied).  As noted above, the relationship between a bank and its customers does not usually create a special or fiduciary relationship.  *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990) (the mere relationship of debtor and creditor is not sufficiently special to impose a duty of good faith upon its parties).  Here, Plaintiff does not allege any facts whatsoever showing that a "special relationship" existed with Chase that would impose a covenant of good faith and fair dealing in this matter.

This claim also fails as a matter of law because a defendant does not breach its duty of good faith and fair dealing by exercising its rights under the contract.  *Primexx Energy Opportunity Fund, LP v. Primexx Energy Corp.*, 709 S.W.3d 619, 644 (Tex. Bus. Ct. 2025), *reconsideration denied*, 713 S.W.3d 416 (Tex. Bus. Ct. 2025) ("one does not lack good faith by exercising lawful contract rights").  Plaintiff's claim for breach of the duty of good faith and fair dealing should be dismissed as a matter of law.

**H.    Plaintiff's Claim Under the Texas Identity Theft Enforcement and Protection Act ("TITEPA") should be dismissed.**

Plaintiff attempts to bring a claim under the Violation of Texas Identity Theft Enforcement and Protection Act (TITEPA).  Tex. Bus. & Com. Code § 521.151. However, with only a narrow exception that does not apply here, only the Attorney General may bring an action to recover a civil penalty imposed under TITEPA.  *Id.* § 521.151 (a); *Maynard v. PayPal, Inc.,* 2019 WL 3552432, at *5 n.10 (N.D. Tex. 2019) (explaining that § 521.052 "is only enforceable by the Attorney General"); *see also Patton v. Experian Data Corp.*, 2018 WL 6190349, at *9 (C.D. Cal. Jan. 23, 2018) (explaining that only one of the three sections—§ 521.051—of the TITEPA is enforceable by a private right of action).

The only TITEPA provision enforceable by a private right of action is Section 521.051, which provides: "[a] person may not obtain, possess, transfer, or use personal identifying information of another person without the other person's consent and **with intent to obtain a good, a service, insurance, an extension of credit, or any other thing of value in the other person's name."** § 521.051(a) (emphasis added).  Plaintiff does not allege that *Chase* intended to obtain any good, service, or thing of value in someone else's name.  Accordingly, Plaintiff cannot maintain a TITEPA cause of action.

**I.    Plaintiff Does Not Adequately Plead A Right to Mental Anguish Damages.**

As noted above, the transactions at issue here are governed by contract.  Texas law does not support a claim for mental anguish damages arising from a breach of contract.  *City of Tyler v. Likes*, 962 S.W.2d 489, 498 (Tex. 1997) ("we have consistently… held that without proof of heightened culpability, mental anguish is not recoverable under other causes of action for injuries to economic rights such as breach of contract"); *Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 483-84 (Tex. App.—Houston [14th Dist.] 1996, no writ) (mental anguish damages are not generally

recoverable in a breach of contract claim); *Hallmark v. Hand*, 885 S.W.2d 471, 481 (Tex. App.—El Paso 1994, writ denied) ("mental anguish damages are not recoverable in a cause of action for breach of contract nor in a tort action arising from a contractual breach").

Even if mental anguish damages were available, Plaintiff fails to adequately plead entitlement to such damages. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) ("An award for mental anguish must be supported by either (1) a substantial disruption in the plaintiff's daily routine, or (2) evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger"); *Bennett v. Grant*, 525 S.W.3d 642, 648 (Tex. 2017) (same). Accordingly, Plaintiff has not sufficiently pled entitlement to mental anguish damages.

**J.      Plaintiff Does Not Adequately Plead a Right to Punitive Damages.**

Plaintiff offers nothing but naked assertions that he is entitled to punitive damages, but this claim requires an underlying cause of action pled and proved by plaintiff which will permit recovery of punitive damages. *See, e.g.*, *ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 82 (S.D. Tex. 2007), *on reconsideration in part sub nom. ASARCO LLC v. Americas Mining Corp.*, 396 B.R. 278 (S.D. Tex. 2008). The Fifth Circuit has held that a court may consider the adequacy of allegations for exemplary damages at the pleading stage. *Strauch v. Gates Rubber Co.*, 879 F.2d 1282, 1287–88 (5th Cir. 1989) (affirming dismissal of punitives claim because no set of facts would permit award), *cert. denied*, 493 U.S. 1045 (1990). For these reasons, the Court should dismiss Plaintiff's bare, conclusory claim of entitlement to punitive damages.

## V.     <u>CONCLUSION</u>

For these reasons, Chase asks the Court to dismiss Plaintiff's Complaint in its entirety. [1]

Dated:  January 12, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By:     _/s/ Steven Higginbotham_
Stephen Edmundson
Texas Bar No. 00796507
edmundsons@gtlaw.com
Jennifer Tomsen
Texas Bar No. 24064535
tomsenj@gtlaw.com
Steven Higginbotham
State Bar No. 24125274
higginbothams@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone:  (713) 374-3500
Facsimile:  (713) 374-3505

_Attorneys for Defendant, JPMorgan Chase
Bank, N.A._

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 12, 2026, a true and correct copy of the

foregoing was served by ECF on all parties and counsel of record.

_/s/Steven Higginbotham_
Steven Higginbotham

---

[1] While Chase understands that no pre-filing conference is required for dispositive motions, Chase did attempt to contact Plaintiff on January 8, 2026.  Specifically, counsel for Chase called the phone number Plaintiff provided in his pleadings and left a voicemail on the morning of January 8, 2026.  Plaintiff has not responded.