# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

CIVIL ACTION NO. 4:25-cv-5239

| | | |
|---|---|---|
| KENAN ALEXANDER, | § | |
| Plaintiff, | § | United States Courts<br>Southern District of Texas<br>F I L E D |
| v. | § | FEB 0 5 2026 |
| JPMORGAN CHASE BANK, N.A. | § | |
| Defendant. | § | Nathan Ochsner, Clerk of Court |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S DISPOSITIVE MOTION TO DISMISS

TO THE HONORABLE COURT:

Plaintiff Kenan Alexander respectfully files this Response in Opposition to Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss and shows the Court as follows:

### I. INTRODUCTION

1. Defendant's motion attempts to convert this case into a dispute about **contract reporting deadlines and check fraud law**. This case is neither.

2. This case arises from **unauthorized electronic fund transfers (Zelle)** governed by the **Electronic Fund Transfer Act (15 U.S.C. §1693)** and **Regulation E (12 C.F.R. §205)**.

3. Defendant's motion relies heavily on the Deposit Account Agreement and Texas UCC §4.406, which applies to forged or altered **checks**, not electronic transfers. Defendant's arguments therefore fail as a matter of law.

### II. STANDARD OF REVIEW

4. On a Rule 12(b)(6) motion, the Court must accept Plaintiff's factual allegations as true and determine only whether a plausible claim is stated. *Twombly, Iqbal*.

5. Plaintiff's amended pleading (filed contemporaneously) cures any alleged pleading

1

deficiency.

## III. DEFENDANT MISAPPLIES UCC CHECK LAW TO EFTA ELECTRONIC TRANSFERS

6. Defendant repeatedly relies on Texas Business & Commerce Code §4.406 and reporting-window language from its Deposit Agreement.

7. Those provisions apply to:
   - forged checks
   - altered instruments
   - paper items

8. They do **not** apply to Zelle or electronic fund transfers.

9. Unauthorized Zelle transfers are governed exclusively by:
   - 15 U.S.C. §1693f
   - 15 U.S.C. §1693g
   - 12 C.F.R. §205.6
   - 12 C.F.R. §205.11

10. Under these provisions, a bank is **strictly liable** for unauthorized EFTs when it fails to properly verify identity or investigate error claims.

11. Contract terms cannot waive federal statutory protections.

## IV. THE "REPEAT WRONGDOER RULE" DOES NOT APPLY

12. Defendant argues Plaintiff should have discovered the activity earlier.

13. But Plaintiff alleges:
   - He never enrolled in online banking
   - Defendant allowed enrollment using his estranged wife's phone and email
   - Statements and alerts went to her, not him

14. Thus, Plaintiff had **no visibility** to detect the transfers.

15. This defeats the "repeat wrongdoer" defense entirely.

2

## V. PROXIMATE CAUSE ARGUMENT FAILS UNDER EFTA

16. Defendant argues the wife caused the loss. Under EFTA, this is irrelevant.

17. If the bank allows unauthorized access due to failure to verify identity, the bank is liable regardless of who initiated the transfer.

## VI. ECONOMIC LOSS RULE DOES NOT BAR STATUTORY CLAIMS

18. Plaintiff's claims arise under:
    - Federal EFTA
    - Texas Identity Theft Enforcement and Protection Act
    - Texas DTPA

19. These are statutory duties independent of contract. The economic loss rule does not apply.

## VII. LEAVE TO AMEND

20. To the extent the Court finds any pleading deficiency, Plaintiff has filed a **First Amended Complaint** curing any alleged defects. Leave to amend should be freely granted under Rule 15.

## VIII. CONCLUSION

Defendant's motion attempts to avoid factual scrutiny by mischaracterizing this case as a contract dispute governed by check law. It is not. It is a federal statutory unauthorized electronic transfer case.

WHEREFORE, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss.

Executed on this _5_ day of _FEBRUARY_, 202_6_, at Cypress, Texas.

Respectfully submitted,

3

By: *Kenan Alexander*
KENAN ALEXANDER – Pro Se
15703 TWISTING SPRINGS DR
CYPRESS, TX 77433
281-903-4973
kenanalexander@yahoo.com
Date: 2/5/2026