# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KENAN ALEXANDER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:25-cv-5239 |
| v. | § | |
| | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |

---

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S DISPOSITIVE

## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

---

GREENBERG TRAURIG, LLP
Jennifer Tomsen
Texas Bar No. 24064535
tomsenj@gtlaw.com
Stephen Edmundson
Texas Bar No. 00796507
edmundsons@gtlaw.com
Steven Higginbotham
Texas Bar No. 24125274
higginbothams@gtlaw.com
Colton C. Marino
Texas Bar No. 24133105
colt.marino@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

COUNSEL FOR DEFENDANT, JPMORGAN CHASE BANK, N.A.

**DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

I.     NATURE AND STAGE OF THE PROCEEDING ................................................................. 1

II.     SUMMARY OF ARGUMENT AND ISSUE PRESENTED .............................................. 1

III.     APPLICABLE STANDARDS OF REVIEW ..................................................................... 3

         1.     Whether Plaintiff's Alleged Claims Fail to State a Claim Upon Which Relief Can Be Granted ................................................................. 3

         2.     Whether Plaintiff's Claims Are Time-Barred by Contractual and/or Statutory Limitations Periods ................................................................. 3

         3.     Whether Plaintiff's Claims Are Barred by Statutory or Contractual Defenses, Including the Repeat Wrongdoer Rule, and/or the Economic Loss Rule, and Are Otherwise Adequately Pled ....................... 4

         4.     Whether Plaintiff's DTPA Claim Meets the Heightened Pleading Standard of Rule 9(b) and Is Barred by the Economic Loss Rule ............. 4

         5.     Whether the Dismissal of Plaintiff's Claims Should Be with Prejudice ................................................................................................... 5

IV.     ARGUMENT AND AUTHORITIES ............................................................................... 5

     A.     Plaintiff's Claims Are Barred by Contractual and Statutory Limitations Periods ................................................................................................................ 5

         1.     The reporting period in the governing contract bars all of Plaintiff's claims. ................................................................................... 5

         2.     All of Plaintiff's claims are barred by the "Repeat Wrongdoer Rule." ..................................................................................................... 6

         3.     Statutory limitations periods also bar most of the transactions at issue. ....................................................................................................... 7

         4.     The "discovery rule" does not apply. ........................................................ 8

     B.     Plaintiff Fails to State a Claim Under the Electronic Fund Transfer Act (EFTA). ............................................................................................................... 9

     C.     Plaintiff's DTPA Claim Is Not Adequately Pled and Is Also Barred by the Economic Loss Rule. ........................................................................................ 10

         1.     Plaintiff's DTPA claim is not pled with particularity under Rule 9(b). ....................................................................................................... 10

         2.     Plaintiff's DTPA claim is merely a claim for breach of contract. ............ 11

         3.     Plaintiff's DTPA claim is precluded by the economic loss rule. .............. 11

     D.     Plaintiff Does Not Plead a Viable Conversion Claim, and Such Claim Is Barred by the Economic Loss Rule. ................................................................. 12

     E.     Plaintiff's Negligence Claim Fails Because of the Economic Loss Rule, Lack of Proximate Cause, and Failure to Otherwise Plead a Plausible Right to Relief. .................................................................................................. 13

        1.     Plaintiff's negligence claim is barred by the economic loss rule............. 13

        2.     Plaintiff cannot plausibly plead proximate cause because his estranged wife's actions caused his alleged harm.................................... 14

F.     Plaintiff's Breach of Contract Claim Is Inadequately Pled................................ 15

G.     Plaintiff's Claims for Breach of Fiduciary Duty and Breach of the Duty of Good Faith and Fair Dealing Fail. ........................................................ 16

        1.     Plaintiff's breach of fiduciary duty claim fails because the relationship between a bank and its customer is generally not a fiduciary one. ...................................................................... 16

        2.     Plaintiff's implied duty of good faith and fair dealing is deficiently pled.................................................................................... 16

H.     Plaintiff's Claim Under the Texas Identity Theft Enforcement and Protection Act ("TITEPA") Should be Dismissed................................................ 17

I.      Plaintiff Does Not Adequately Plead a Right to Mental Anguish Damages. ....... 18

J.      Plaintiff Does Not Adequately Plead a Right to Punitive Damages.................... 19

K.     Further Amendment Would Be Futile and Dismissal Should Be with Prejudice. .................................................................................................. 19

V.     CONCLUSION.................................................................................................... 20

**Page(s)**

**Federal Cases**

*ADC Rig Services, Inc. v. JPMorgan Chase Bank, N.A.*,
641 F. Supp. 2d 617 (S.D. Tex. 2009) ...............................................................................8

*AlphaVets, Inc. v. JPMorgan Chase Bank, N.A.*,
651 F. Supp. 3d 810 (D.S.C. 2023) ...................................................................................15

*ASARCO LLC v. Americas Min. Corp.*,
382 B.R. 49 (S.D. Tex. 2007), *on reconsideration in part sub nom. ASARCO
LLC v. Americas Mining Corp.*, 396 B.R. 278 (S.D. Tex. 2008) ...............................19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................................3

*Baker v. Great N. Energy, Inc.*,
64 F. Supp. 3d 965 (N.D. Tex. 2014) ...............................................................................15

*BCC Merch. Sols., Inc. v. Jet Pay, LLC*,
129 F. Supp. 3d 440 (N.D. Tex. 2015) ...........................................................................5, 11

*Bell Atl. v. Twombly*,
550 U.S. 544 (2007).............................................................................................................3

*Butler v. Scott-Lee*,
2025 WL 3284301 (N.D. Tex. 2025)...................................................................................5

*Carson v. Dynegy, Inc.*,
344 F.3d 446 (5th Cir. 2003) ............................................................................................12

*Cisneros v. Christiana*,
2017 U.S. Dist. LEXIS 235967 (S.D. Tex. 2017) .............................................................15

*Crosswell v. Martinez*,
120 F.4th 177 (5th Cir. 2024) ........................................................................................4, 10

*Frame v. City of Arlington*,
657 F.3d 215 (5th Cir. 2011) ...........................................................................................4, 7

*Garcia v. Communities in Schools of Brazoria Cnty., Inc.*,
2019 WL 2420079 (S.D. Tex. 2019) ..................................................................................19

*Giovinale v. JP Morgan Chase Bank, N.A.*,
2017 WL 1092312 (S.D. Tex. 2017) ..................................................................................16

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.*,
302 F.3d 552 (5th Cir. 2002) ............................................................................................10

*Hugh Symons Grp., plc v. Motorola, Inc.*,
292 F.3d 466 (5th Cir. 2016) ............................................................................................10

*In re Seitel, Inc. Sec. Litig.*,
447 F. Supp. 2d 693 (S.D. Tex. 2006) ...............................................................................10

*Johnson v. Yoakum Community Hospital*,
2022 WL 1217734 (S.D. Tex. 2022) ...................................................................................19

*Kaye v. Lone Star Fund V (U.S.), L.P.*,
453 B.R. 645 (N.D. Tex. 2011) ..............................................................................................6

*Maynard v. PayPal, Inc.*,
2019 WL 3552432 (N.D. Tex. 2019) ...................................................................................17

*Morse v. Commonwealth Land Title Ins. Co.*,
2013 WL 5372395 (E.D. Tex. 2013) ...................................................................................15

*Newhouse v. JPMorgan Chase Bank, N.A.*,
2018 U.S. Dist. LEXIS 206417 (S.D. Tex. 2018) ...............................................................15

*Patel v. Holiday Hosp. Franchising, Inc.*,
172 F. Supp. 2d 821 (N.D. Tex. 2001) ...............................................................................10

*Patton v. Experian Data Corp.*,
2018 WL 6190349 (C.D. Cal. Jan. 23, 2018) .....................................................................17

*Rylander v. Vasquez*,
2026 WL 533599 (S.D. Tex. 2026) .....................................................................................19

*Salek v. SunTrust Mortg., Inc.*,
2018 WL 3756887 (S.D. Tex. 2018) ...................................................................................12

*Sanchez v. Bank of S. Tex.*,
494 F. Supp. 3d 421 (S.D. Tex. 2020) ................................................................................13

*Shakeri v. ADT Sec. Servs., Inc.*,
816 F.3d 283 (5th Cir. 2016) ..............................................................................................11

*Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*,
98 F.4th 161 (5th Cir. 2024) .................................................................................................8

*Strauch v. Gates Rubber Co.*,
879 F.2d 1282 (5th Cir. 1989), *cert. denied*, 493 U.S. 1045 (1990)....................................19

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*,
2024 WL 1313899 (S.D. Tex. 2024) ................................................................................5, 19

*Williams v. De-Valdenbro*,
2014 WL 4640745 (S.D. Tex. 2014) .....................................................................................7

*Xtreme Power Plan Tr. v. Schindler (In re Xtreme Power Inc.)*,
563 B.R. 614 (Bankr. W.D. Tex. 2016) .................................................................................5

**State Cases**

*Adolph Coors Co. v. Rodriguez*,
780 S.W.2d 477 (Tex. App.—Corpus Christi 1989, writ denied) .........................................16

*First State Bank, N.A. v. Morse*,
227 S.W.3d 820 (Tex. App.—Amarillo 2007, no pet.) .............................................15

*Gann v. Anheuser-Busch, Inc.*,
394 S.W.3d 83 (Tex. App.—El Paso 2012, no pet.)..............................................13

*Hallmark v. Hand*,
885 S.W.2d 471 (Tex. App.—El Paso 1994, writ denied)........................................18

*Hodge v. N. Tr. Bank*,
54 S.W.3d 518 (Tex. App.—Eastland 2001, pet. denied) .......................................12

*Jim Walter Homes, Inc. v. Reed*,
711 S.W.2d 617 (Tex. 1986)...............................................................................14

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*,
242 S.W.3d 1 (Tex. 2007)...................................................................................14

*Parkway Co. v. Woodruff*,
901 S.W.2d 434 (Tex. 1995)...............................................................................18

*Phan Son Van v. Pena*,
990 S.W.2d 751 (Tex. 1999)...............................................................................15

*Primexx Energy Opportunity Fund, LP v. Primexx Energy Corp.*,
709 S.W.3d 619 (Tex. Bus. Ct. 2025), *reconsideration denied*, 713 S.W.3d
416 (Tex. Bus. Ct. 2025).....................................................................................17

*Rodriguez-Escobar v. Goss*,
392 S.W.3d 109 (Tex. 2013)...............................................................................14

*Sterling Chemicals, Inc. v. Texaco Inc.*,
259 S.W.3d 796 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)..................4, 14

*Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*,
300 S.W.3d 348 (Tex. App.—Dallas 2009, pet. denied) .......................................12

*W. Investments, Inc. v. Urena*,
162 S.W.3d 547 (Tex. 2005)...............................................................................14

**Federal Statutes**

15 U.S.C. § 1693 et seq..............................................................................................8

15 U.S.C. § 1693f .....................................................................................................9

15 U.S.C. § 1693f(a)..................................................................................................9

15 U.S.C. § 1693m(g).................................................................................................8

**State Statutes**

Tex. Bus. & Com. Code § 4.406..................................................................................8

Tex. Bus. & Com. Code § 4.406(d)(2) ...............................................................4, 6, 7, 9

Tex. Bus. & Com. Code § 17.565.................................................................................8

Tex. Bus. & Com. Code § 521.051 .................................................................................17, 18

Tex. Bus. & Com. Code § 521.051(a) .................................................................................18

Tex. Bus & Com. Code § 521.052 .................................................................................17

Tex. Bus. & Com. Code § 521.151 .................................................................................17

Tex. Bus. & Com. Code § 521.151(a) .................................................................................17

Tex. Bus. & Com. Code § 521.152 .................................................................................8

Tex. Civ. Prac. & Rem. Code § 16.003(a) .................................................................................8

Tex. Civ. Prac. & Rem. Code § 16.004(a)(5) .................................................................................8

**Rules**

Fed. R. Civ. P. 8 .................................................................................3, 11

Fed. R. Civ. P. 8(a) .................................................................................3, 4

Fed. R. Civ. P. 9(b) .................................................................................4, 10, 11

Fed. R. Civ. P. 12(b)(6) .................................................................................3, 4, 7

**Regulations**

12 C.F.R. § 205.6 .................................................................................9

12 C.F.R. § 205.11 .................................................................................9

12 C.F.R. § 205.11(a)(1)(i) .................................................................................9

12 C.F.R. § 205.11(b)(1)(i) .................................................................................9

## I.      NATURE AND STAGE OF THE PROCEEDING

Plaintiff, Kenan Alexander, filed this action on November 3, 2025, alleging Defendant JPMorgan Chase Bank, N.A. ("Chase") is liable for allegedly unauthorized Zelle transfers from Plaintiff's account made by his estranged wife in 2018 and 2024 [Dkt. 1]. Chase was served on December 22, 2025, and filed a dispositive motion to dismiss on January 12, 2026 [Dkt. 9]. On February 5, 2026, Plaintiff filed a response in opposition [Dkt. 11] and a motion for leave to file the first amended complaint [Dkt. 12]. The Parties then filed a joint motion for entry of an agreed order granting Plaintiff's motion for leave. [Dkt. 15]. The Court then entered that order giving Plaintiff until February 20, 2026 to file his first amended complaint. [Dkt. 16]. Nearly four weeks after that deadline had passed, Plaintiff filed another motion for leave to file the first amended complaint [Dkt. 17] which the Court granted on March 19, 2026 [Dkt. 18]. Plaintiff now brings claims for:

- Violation of the Electronic Fund Transfer Act (EFTA);
- Negligence;
- Conversion;
- Breach of Contract;
- Violation of Texas Deceptive Trade Practices Act (DTPA);
- Violation of Texas Identity Theft Enforcement and Protection Act (TITEPA); and
- Breach of Fiduciary Duty / Good Faith and Fair Dealing.

Chase now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety with prejudice.

## II.      SUMMARY OF ARGUMENT AND ISSUE PRESENTED

Plaintiff's FAC fails to state a claim upon which relief could be granted because none of the transactions at issue—which occurred in 2018 and 2024—satisfies the 60-day reporting requirements under the governing account agreement. Accordingly, any recovery on these allegedly unauthorized transactions is barred by the unambiguous contract.

Likewise, statutory and common law limitations periods bar recovery on most if not all of the transactions at issue, and the repeat wrongdoer rule forecloses recovery for all subsequent unauthorized withdrawals when the initial wrongful activity was not timely reported.

In addition, each of Plaintiff's alleged causes of action suffers from the following fatal pleading defects:

- **EFTA:** failure to meet statutory reporting requirements;

- **DTPA:** not pled with particularity under Rule 9(b), a contract claim in disguise, and subject to economic loss rule;

- **Conversion:** no wrongful exercise over Plaintiff's funds by Chase, and subject to economic loss rule;

- **Negligence:** no duty pled outside the contract, and wife's alleged conduct is a superseding cause preventing establishment of proximate cause;

- **Breach of contract:** no pleading of any specific contractual provision breached;

- **Breach of fiduciary duty and duty of good faith:** Plaintiff's customer relationship with Chase was not fiduciary, and Plaintiff has pled no facts creating such a relationship or imposing a duty of good faith and fair dealing;

- **TITEPA:** no private cause of action under any applicable provision, and no facts pled to support cause of action for intentional identity theft;

- **Mental anguish damages:** not available where a contract governs the relationship, and not adequately pled; and

- **Punitive damages:** not available without an adequately pled underlying cause of action, and egregious conduct by Chase not adequately pled.

For the foregoing reasons, all of Plaintiff's claims should be dismissed. The Court should dismiss them with prejudice because Plaintiff has already re-pleaded once, and there is no amendment that Plaintiff could make to his FAC that will remedy the deficiencies identified in this motion to dismiss.

### III. APPLICABLE STANDARDS OF REVIEW

The following legal standards apply:

1. ***Whether Plaintiff's Alleged Claims Fail to State a Claim Upon Which Relief Can Be Granted***

Chase moves to dismiss Plaintiff's FAC for failure to state claims upon which relief could be granted. To resolve this issue, the Court must assess whether Plaintiff's FAC contains sufficient factual allegations to state a plausible claim for relief to survive dismissal under Rule 12(b)(6). Per Rule 8, a plaintiff must show that he is entitled to relief and to plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are never sufficient. *Iqbal*, 556 U.S. at 678. If the plaintiff fails to plausibly suggest that he has a right to relief, the plaintiff pleads itself out of court. *See Twombly*, 550 U.S. at 555.

In conducting its 12(b)(6) inquiry, the Court should disregard all factual and legal conclusions and determine whether the well-pleaded facts permit a *plausible*—not merely *possible*—inference of misconduct. *Id*.; *Iqbal*, 556 U.S. at 678. Further, while the court should accepts plaintiff's well-pleaded factual allegations as true, this deference is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678–79.

2. ***Whether Plaintiff's Claims Are Time-Barred by Contractual and/or Statutory Limitations Periods***

Chase moves to dismiss based upon applicable statutes of limitations. To resolve this issue, the Court must determine whether Plaintiff's claims are time-barred under the applicable

contractual reporting periods and statutory limitations periods. Dismissal is appropriate on statute of limitations grounds under Rule 12(b)(6) where the pleadings affirmatively demonstrate that claims are barred and no basis for tolling is alleged. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011).

3. ***Whether Plaintiff's Claims Are Barred by Statutory or Contractual Defenses, Including the Repeat Wrongdoer Rule, and/or the Economic Loss Rule, and Are Otherwise Adequately Pled***

Chase seeks dismissal because Plaintiff's claims are barred by statutory or contractual defenses, including the Repeat Wrongdoer Rule, Tex. Bus. & Com. Code § 4.406(d)(2), and/or the Economic Loss Rule, which restricts tort claims arising out of contractual relationships. *Compass Bank v. Calleja-Ahedo*, 569 S.W.3d 104, 112 (Tex. 2018); *Sterling Chemicals, Inc. v. Texaco Inc.*, 259 S.W.3d 796 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("[I]f a plaintiff only seeks to recover for the loss or damage to the subject matter of a contract, he cannot maintain a tort action against a defendant"). In general, too, the Court must decide whether each of Plaintiff's claims is sufficiently pled under federal pleading standards, particularly Rules 8(a) and 9(b).

4. ***Whether Plaintiff's DTPA Claim Meets the Heightened Pleading Standard of Rule 9(b) and Is Barred by the Economic Loss Rule***

Chase moves to dismiss Plaintiff's DTPA claim because Plaintiff has not satisfied the heightened pleading standard for DTPA claims. To resolve this issue, the Court must consider whether Plaintiff has pled his DTPA claim with the requisite particularity under Rule 9(b). *See Crosswell v. Martinez*, 120 F.4th 177, 188 (5th Cir. 2024) (applying the Rule 9(b) standard to claims under the Texas DTPA). The Court must also consider whether the DTPA claim is just a breach of contract claim and whether the economic loss rule bars the claim. *All Am. Siding & Windows, Inc. v. Bank of Am., N.A.*, 367 S.W.3d 490, 503 (Tex. App.—Texarkana 2012, pet. denied) (rejecting DTPA claim based on alleged failure to reimburse for fraudulent transactions as

merely a contract dispute); *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 469 (N.D. Tex. 2015) (the economic loss rule applies to DTPA claims).

     5.     ***Whether the Dismissal of Plaintiff's Claims Should Be with Prejudice***

Finally, Chaes asks the Court to dismiss Plaintiff's FAC with prejudice because Plaintiff cannot further amend the FAC to cure the legal deficiencies or alter the outcome of the case. *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. 4:23-CV- 2961, 2024 WL 1313899, at *6 (S.D. Tex. 2024) (finding that amended complaint would be futile and dismissing case with prejudice); *Butler v. Scott-Lee*, No. 3:24-CV-1060-L-BW, 2025 WL 3284301, at *1 (N.D. Tex. 2025) (dismissing amended complaint with prejudice because plaintiff previously had the opportunity to amend his pleadings).

## IV.    <u>ARGUMENT AND AUTHORITIES</u>

**A.    Plaintiff's Claims Are Barred by Contractual and Statutory Limitations Periods.**

Plaintiff's claims rest upon allegedly unauthorized Zelle transfers that occurred in:

- 2018
- May and June 2024
- July 2024

Dkt. 19, Ex. C. Plaintiff filed the Complaint on November 3, 2025, and the FAC on March 19, 2026.

     1.     <u>The reporting period in the governing contract bars all of Plaintiff's claims.</u>

Plaintiff's account at the center of this lawsuit is governed by a contract between Plaintiff and Chase, the Deposit Account Agreement ("DAA"). **Ex. A.** On a 12(b)(6) motion to dismiss, the Court may consider extrinsic documentary evidence if the document is (1) attached to the motion; (2) referred to in plaintiff's complaint; and (3) "central" to one of plaintiff's claims. *Xtreme Power Plan Tr. v. Schindler (In re Xtreme Power Inc.)*, 563 B.R. 614, 629 (Bankr. W.D.

Tex. 2016).  When a claim is based on the terms of a contract, the documents constituting the contract are central to the claim.  *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011).  These conditions are satisfied, and therefore the Court here may consider the DAA in evaluating Plaintiff's pleading.

The DAA expressly requires that complaints be made <u>in writing within specific deadlines</u> or the customers waive all rights.  The DAA requires customers to contact Chase promptly regarding errors or questions about electronic funds transfers:  **"We must hear from you NO LATER than 60 days after we sent you the FIRST statement on which the error appeared."**  Ex. A, Section D(5), p. 13 (bold emphasis added).  In addition to this provision, the DAA also requires that any lawsuit be brought "within two years after the cause of action arises, unless federal or state law… provides for a shorter time."  Section IX(Q), p. 25.

Plaintiff's pleading confirms that he did not satisfy the contractual reporting requirement for errors relating to electronic funds transactions.  The 60-day reporting requirement was not met here for *any* transaction at issue, as the last alleged unauthorized transactions took place in July 2024, and Plaintiff pleads that he did not report unauthorized activity to Chase until at least mid-October 2024 (FAC at ¶¶ 14-17).  As to the transactions in 2018, Plaintiff likewise did not satisfy the contractual requirement to bring any claim within two years.

> 2.    <u>All of Plaintiff's claims are barred by the "Repeat Wrongdoer Rule."</u>

The "repeat wrongdoer rule," Section 4.406(d)(2) of the Business and Commerce Code, precludes liability of a bank for subsequent withdrawals by the same wrongdoer if the customer fails to timely report the initial wrongful transactions.  The Texas Supreme Court addressed this principle in *Compass Bank v. Calleja-Ahedo*, finding that when a customer "had been afforded a reasonable period of time, not exceeding 30 days, in which to examine the item or statement of account and notify the bank," subsequent withdrawals "by the same wrongdoer" cannot be

recovered from the bank. 569 S.W.3d 104, 112 (Tex. 2018). As the Court emphasized, this rule operates **"without regard to care or lack of care of either the customer or the bank."** *Id.* at 110 (emphasis added).

In *Contractors Source, Inc. v. Amegy Bank Nat'l Ass'n*, the Texas Court of Appeals applied Section 4.406(d)(2) to bar recovery for forged checks and unauthorized ACH transactions after a bookkeeper's fraud went unreported for over two years. 462 S.W.3d 128, 134-37 (Tex. App.— Houston [1st Dist.] 2015, no pet.). The court held that once the bank demonstrated the customer failed to report initial unauthorized transactions within 30 days, the customer "may not recover for 'any other item' paid in good faith by the bank" due to the same wrongdoer's acts. *Id.* The court applied this rule not only to checks but to non-check electronic transactions, like the electronic transfers at issue here. *Id.*

The repeat wrongdoer rule bars Plaintiff's claims for any alleged unauthorized withdrawals by the same wrongdoer, e.g., Plaintiff's estranged wife, after the initial allegedly wrongful Zelle transfers were clearly disclosed on Plaintiff's 2018 account statement.

> 3. <u>Statutory limitations periods also bar most of the transactions at issue.</u>

A complaint "may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011), *cert. denied*, 565 U.S. 1200 (2012); *Williams v. De-Valdenbro*, No. 4:13-CV-960, 2014 WL 4640745, at \*2 (S.D. Tex. 2014) (where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted) (citation and quotation omitted).

Plaintiff here attaches account statements and an online printout of transactions to his FAC, reflecting Zelle transfers to his estranged wife "Dayana," most of which occurred in *2018 –*

*approximately **seven years*** before Plaintiff filed his lawsuit.  Dkt. 19 at Ex. C, p. 1-4.  None of

Plaintiff's causes of action has a limitations period longer than four years:

| Claim | Limitations period | Authority |
|---|---|---|
| EFTA (15 U.S.C. § 1693 et seq.) | **1 year** from the date of the violation | 15 U.S.C. § 1693m(g) |
| Negligence | **2 years** | Tex. Civ. Prac. & Rem. Code § 16.003(a) |
| Conversion | **2 years** | Tex. Civ. Prac. & Rem. Code § 16.003(a) |
| DTPA | **2 years** | Tex. Bus. & Com. Code § 17.565 |
| TITEPA | **2 years** | Tex. Bus. & Com. Code § 521.152; § 17.565 |
| Breach of duty of good faith | **2 years** | Tex. Civ. Prac. Rem. Code § 16.003(a) |
| Breach of contract | **4 years** from breach | *Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 166 (5th Cir. 2024) |
| Breach of fiduciary duty | **4 years** | Tex. Civ. Prac. & Rem. Code § 16.004(a)(5) |

Accordingly, all of the 2018 transactions at issue are unequivocally time-barred, and all of the

transactions at issue, including those in 2024, are time-barred under EFTA's one-year limitations

period.

    4.       The "discovery rule" does not apply.

Plaintiff pleads no grounds for applying the "discovery rule" to toll the running of the

limitations periods.  Texas law places the burden on accountholders to exercise reasonable care in

discovering unauthorized transactions.  Customers "must exercise reasonable promptness in

examining the statement or the items to determine whether any payment was not authorized."  Tex.

Bus & Com. Code §  4.406.  "Section 4.406 acknowledges that the customer is in the best position

to detect unauthorized transactions on his or her account, and it places the burden on the customer

to exercise reasonable care to discover and report unauthorized transactions."  *Canfield v. Bank

One, Tex., N.A.*, 51 S.W.3d 828, 835 (Tex. App.—Texarkana 2001, pet. denied); *ADC Rig

Services, Inc. v. JPMorgan Chase Bank, N.A.*, 641 F. Supp. 2d 617, 622 (S.D. Tex. 2009) ("the

customer bears the loss when he fails to detect and notify the bank about unauthorized

transactions," and monthly account statements containing transaction details provided customers

with "enough information to detect that an unauthorized transaction occurred"). This principle extends to electronic fund transfers such as the Zelle payments at issue here. *Contractors Source, Inc. v. Amegy Bank Nat'l Ass'n*, 462 S.W.3d 128, 135 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("the term 'item' is to be read broadly under Texas law… We hold that Straten's non-check transactions were not payment orders, but instead were items within the meaning of Chapter 4 and thus not excluded from the scope of Section 4.406(d)(2) on that basis").

Here, Plaintiff's FAC demonstrates that he received regular monthly account statements: not only did Plaintiff attach the statements to his pleading, the name and address on the statements are the ***same*** as appear in the Verification signed by Plaintiff on page 7 of the FAC. *See* Dkt. 19 at Ex. C. These statements clearly list each Zelle transfer, including the name of the recipient (e.g., "Dayana"). *Id*. Plaintiff pleads no facts that would warrant the tolling of limitations periods in these circumstances.

**B.      Plaintiff Fails to State a Claim Under the Electronic Fund Transfer Act (EFTA).**

The EFTA and Regulation E contain error resolution procedures to address claims for unauthorized fund transfers from a customer's account. 15 U.S.C. § 1693f; 12 C.F.R § 205.11. The consumer must provide oral or written notice to the financial institution of an "error" within 60 days after the financial institution sends the statement on which the alleged error is first reflected. 15 U.S.C. § 1693f(a); 12 C.F.R. § 205.11(b)(1)(i). The definition of "error" includes an "unauthorized electronic fund transfer." 12 C.F.R. 205.11(a)(1)(i). If the consumer fails to notify the financial institution within the 60-day period, the consumer is precluded from recovering on unauthorized transactions that occur after that 60-day period expires. 15 U.S.C. § 1693f(a); 12 C.F.R. § 205.6.

As with the contractual reporting period, the EFTA's 60-day reporting requirement was not met here for *any* transaction at issue, as the last alleged unauthorized transactions took place

in July 2024, and Plaintiff vaguely pleads that he reported unauthorized activity to Chase sometime in at least mid-October 2024 (FAC at ¶¶ 14-17). Thus, Plaintiff has failed to plead facts sufficient to state an EFTA claim.

**C.     Plaintiff's DTPA Claim Is Not Adequately Pled and Is Also Barred by the Economic Loss Rule.**

The elements of a Deceptive Trade Practices Act claim are (1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damage. *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2016). Plaintiff's DTPA claim must be dismissed because it is not pled with particularity under Rule 9(b), and because DTPA claims sounding in contract are barred by the economic loss rule.

1.     Plaintiff's DTPA claim is not pled with particularity under Rule 9(b).

Plaintiff must plead his DTPA claim with particularity under Rule 9(b). *Crosswell v. Martinez*, 120 F.4th 177, 188 (5th Cir. 2024); *Patel v. Holiday Hosp. Franchising, Inc.*, 172 F. Supp. 2d 821, 824–25 (N.D. Tex. 2001). The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to **specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.**" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (emphasis added, quotations omitted). Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *In re Seitel, Inc. Sec. Litig.*, 447 F. Supp. 2d 693, 703 (S.D. Tex. 2006) (citation omitted). Plaintiff's DTPA claim fails because he does not plead any "false, misleading, or deceptive act" by Chase. Plaintiff merely alleges in conclusory fashion that Chase "failed to disclose material facts about the unauthorized online banking enrollment and misrepresented account security measures,"

without identifying **any** specific statement, speaker, time, or place (FAC at ¶¶ 39-40).  Such allegations are classic "labels and conclusions" and fail even the basic notice pleading standard of Rule 8, let alone the particularity required by Rule 9(b).

2.       Plaintiff's DTPA claim is merely a claim for breach of contract.

Plaintiff's DTPA claim is, in substance, a breach of contract claim (failure to reimburse Plaintiff for allegedly unauthorized transactions) repackaged as a statutory violation, which is not actionable under the DTPA.  A mere breach of contract, without more, does not constitute a false, misleading, or deceptive act under the DTPA.  *All Am. Siding & Windows, Inc. v. Bank of Am., N.A.*, 367 S.W.3d 490, 503 (Tex. App.—Texarkana 2012, pet. denied) (rejecting DTPA claim based on alleged failure to reimburse for fraudulent transactions as merely a contract dispute); *Canfield v. Bank One, Texas, N.A.*, 51 S.W.3d 828, 839 (Tex. App.—Texarkana 2001, pet. denied) ("Nonperformance under a contractual obligation does not equate to misrepresentation under the DTPA.  If so, then every breach of contract would be converted to a DTPA claim").

3.       Plaintiff's DTPA claim is precluded by the economic loss rule.

The Texas Supreme Court has extended the principles underlying the economic loss rule to DTPA claims.  *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 469 (N.D. Tex. 2015).  "An allegation of a mere breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 295 (5th Cir. 2016) (quoting *Ashford Dev., Inc. v. USLife Real Est. Servs. Corp.*, 661 S.W.2d 933, 935 (Tex. 1983).  "[A]s with the economic loss rule, the inquiry is whether the alleged unconscionable conduct 'could have resulted in the absence of a contract between the parties.'" *Shakeri*, 816 F.3d at 295 (quoting *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996) (per curiam)).

Plaintiff does not specify any alleged conduct that would <u>not</u> exist but for his account held at Chase, subject to the applicable account agreements. *Salek v. SunTrust Mortg., Inc.*, No. 4:18-CV-1664, 2018 WL 3756887, at *7 (S.D. Tex. 2018) (granting a motion to dismiss, noting "… Plaintiff's DTPA claim rests on the untenable premise that Defendant's alleged breach of the Deed of Trust also constitutes an unconscionable act within the meaning of the DTPA. Under Texas law, such claims may be asserted in contract only, and not in tort under the DTPA").

**D.** **Plaintiff Does Not Plead a Viable Conversion Claim, and Such Claim Is Barred by the Economic Loss Rule.**

Under Texas law, conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (quotation and citation omitted). Plaintiff must plead that (1) Plaintiff owned property; (2) Chase unlawfully and without authorization assumed and exercised control over the property inconsistent with Plaintiff's rights; (3) Plaintiff demanded return of the property; and (4) Chase refused to return it. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 366 (Tex. App.—Dallas 2009, pet. denied).

Plaintiff's conversion claim fails because general deposits are not "property" capable of being converted. A general bank deposit "creates a debtor-creditor relationship between the depositor and the bank" under which "[t]itle to the money passes to the bank, subject to the depositor's demand for payment." *Hodge v. N. Tr. Bank*, 54 S.W.3d 518, 522 (Tex. App.—Eastland 2001, pet. denied). Thus, "[b]ecause a general deposit becomes the property of the bank, the depositor has no action for conversion when the bank wrongfully pays out the deposit." *Id.* Further, Plaintiff's own pleading demonstrates that Chase is not wrongfully holding funds that it transferred to his estranged wife. FAC at ¶¶ 3, 16, 36. Finally, there is no conversion where an

indebtedness may be discharged generally by the payment of money. *Sanchez v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 439 (S.D. Tex. 2020).

Moreover, where a conversion claim relates to the subject of a contract and involves contractual duties, the economic loss rule bars the claim. *See, e.g.*, *Exxon Mobil Corp. v. Kinder Morgan Operating L.P.*, 192 S.W.3d 120, 128 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that conversion claim related to the subject of the contract and involved duties detailed in the contract, and thus the claim sounded only in contract). As discussed above, the transactions at issue are governed by an account agreement, and therefore Plaintiff's conversion claim is barred by the economic loss rule.

**E.    Plaintiff's Negligence Claim Fails Because of the Economic Loss Rule, Lack of Proximate Cause, and Failure to Otherwise Plead a Plausible Right to Relief.**

To prevail on a negligence claim, "a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." *Gann v. Anheuser-Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. App.—El Paso 2012, no pet.).

1.    Plaintiff's negligence claim is barred by the economic loss rule.

Plaintiff has not adequately pled any specific duty owed to him that would give rise to a negligence claim. Banks do not owe their customers a duty to supervise account activity, or to inquire as to why funds are being withdrawn or transferred. *Citizens Nat. Bank of Dallas v. Hill*, 505 S.W.2d 246, 249 (Tex. 1974) (holding that banks have "no duty … to police" the account into which funds were placed so as to determine the manner in which the funds were used after they were withdrawn); *Carson Energy, Inc. v. Riverway Bank*, 100 S.W.3d 591, 601 (Tex. App.—Texarkana 2003, pet. denied) (bank's duty to depositor of funds in commercial demand deposit account arose only from deposit agreement).

Rather, the duties owed by Chase to Plaintiff are governed by the account agreement.  The economic loss rule bars tort claims when a contract forms the basis of a claim. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986); *Sterling Chemicals, Inc. v. Texaco Inc.*, 259 S.W.3d 796 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("[I]f a plaintiff only seeks to recover for the loss or damage to the subject matter of a contract, he cannot maintain a tort action against a defendant").  The rule "restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12–13 (Tex. 2007).

Plaintiff's claims center on allegedly unauthorized electronic transfers, which implicate rights, duties, and obligations arising out of his account relationship with Chase.  Plaintiff does not sufficiently allege breach of any duty outside the contract.  Accordingly, his negligence claim should be dismissed under the economic loss rule.

2.  <u>Plaintiff cannot plausibly plead proximate cause because his estranged wife's actions caused his alleged harm.</u>

Plaintiff also fails to adequately allege that any purported breach of duty by Chase proximately caused his damages. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (plaintiff must prove a breach of duty proximately caused his damages).  Proximate cause has two elements, cause in fact and foreseeability, and "cause in fact" is established only when an act or omission was a substantial factor in causing the injury, without which the harm would not have occurred. *W. Investments, Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005).  When the defendant's negligence did no more than furnish the condition that made the injury possible, proximate cause cannot be established. *Allways Auto Grp., Ltd. v. Walters*, 530 S.W.3d 147, 149 (Tex. 2017).

Here, even if Chase was somehow negligent (it was not), Plaintiff's alleged harm was ***proximately caused by his estranged wife***, not by Chase.

Plaintiff pleads that his estranged wife made unauthorized electronic transfers, depleting his account. FAC at ¶¶ 3, 14-17. *If* his wife acted unlawfully, it was her actions that were the substantial factor in causing Plaintiff's injuries: "It has long been the rule that the criminal conduct of a third party normally constitutes a superseding cause relieving a negligent actor of liability." *First State Bank, N.A. v. Morse*, 227 S.W.3d 820, 825 (Tex. App.—Amarillo 2007, no pet.) (citing *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999)); *AlphaVets, Inc. v. JPMorgan Chase Bank, N.A.*, 651 F. Supp. 3d 810, 822 (D.S.C. 2023) (fraudster who directed plaintiff to send funds to a fraudulent account was an intervening cause absolving Chase of negligence liability).

**F.      Plaintiff's Breach of Contract Claim Is Inadequately Pled.**

To maintain a claim for breach of contract, Plaintiff must identify the contract and allege ***which terms*** were breached. *See Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014); *Newhouse v. JPMorgan Chase Bank, N.A.*, No. 4:18-CV-0836, 2018 U.S. Dist. LEXIS 206417, at *8 (S.D. Tex. 2018) (dismissing claim because plaintiff cannot not rely on vague allegations but must plead specific provisions of the contract that were breached). "Without identification of the... provisions breached... a breach of contract claim has not been stated and should be dismissed." *Morse v. Commonwealth Land Title Ins. Co.*, Case No. 4:12CV375, 2013 WL 5372395, at *11 (E.D. Tex. 2013). Plaintiff "bears the burden of pointing out which specific contractual provision was breached." *Cisneros v. Christiana*, No. 7:17-CV-00160, 2017 U.S. Dist. LEXIS 235967, at *3 (S.D. Tex. 2017). Plaintiff does not cite *any* specific provision of the deposit agreement allegedly breached. FAC at ¶ 37-38. As a result, this claim fails.

**G.** **Plaintiff's Claims for Breach of Fiduciary Duty and Breach of the Duty of Good Faith and Fair Dealing Fail.**

1. Plaintiff's breach of fiduciary duty claim fails because the relationship between a bank and its customer is generally not a fiduciary one.

The elements of a breach-of-fiduciary-duty claim are: "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *D & J Real Estate Services, Inc. v. Perkins*, No. 05–13–01670–CV, 2015 WL 3507323, at *4 (Tex. App.—Dallas June 4, 2015, pet. denied).

"The relationship between a bank and its customers does not usually create a special or fiduciary relationship." *Davis v. West*, 317 S.W.3d 301, 312 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citation omitted). Plaintiff here has pled no facts suggesting that his depositor relationship with Chase was atypical and gave rise to a fiduciary relationship. *Giovinale v. JP Morgan Chase Bank, N.A.*, No. CV H-16-986, 2017 WL 1092312, at *4 (S.D. Tex. 2017) (rejecting plaintiff's claim that high degree of trust and longevity of relationship gave rise to informal fiduciary relationship and dismissing breach of fiduciary duty claim as failing to state a claim). Plaintiff pleads no facts to plausibly establish that his "banking relationship [with Chase] was anything more than an arm's-length business transaction." *Id*.

2. Plaintiff's implied duty of good faith and fair dealing is deficiently pled.

The Texas Supreme Court has rejected a general duty of good faith and fair dealing in all contracts, but the duty may exist at common law where a "special relationship" exists between the parties to a contract. *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983); *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987), *modified on other grounds sub nom.* Absent a "special relationship," the duty to act in good faith is contractual in nature, and its breach does not amount to an independent tort. *Adolph Coors Co. v. Rodriguez*, 780 S.W.2d 477, 481

(Tex. App.—Corpus Christi 1989, writ denied). As noted above, the relationship between a bank and its customers does not usually create a special or fiduciary relationship. *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990) (the mere relationship of debtor and creditor is not sufficiently special to impose a duty of good faith upon its parties). Here, Plaintiff does not allege any facts whatsoever showing that a "special relationship" existed with Chase that would impose a covenant of good faith and fair dealing in this matter.

This claim also fails as a matter of law because a defendant does not breach its duty of good faith and fair dealing by exercising its rights under the contract. *Primexx Energy Opportunity Fund, LP v. Primexx Energy Corp.*, 709 S.W.3d 619, 644 (Tex. Bus. Ct. 2025), *reconsideration denied*, 713 S.W.3d 416 (Tex. Bus. Ct. 2025) ("one does not lack good faith by exercising lawful contract rights"). Plaintiff's claim for breach of the duty of good faith and fair dealing should be dismissed as a matter of law.

**H.      Plaintiff's Claim Under the Texas Identity Theft Enforcement and Protection Act ("TITEPA") Should be Dismissed.**

Plaintiff attempts to bring a claim under the Violation of Texas Identity Theft Enforcement and Protection Act (TITEPA). Tex. Bus. & Com. Code § 521.151. However, with only a narrow exception that does not apply here, only the Attorney General may bring an action to recover a civil penalty imposed under TITEPA. *Id.* § 521.151 (a); *Maynard v. PayPal, Inc.,* 2019 WL 3552432, at *5 n.10 (N.D. Tex. 2019) (explaining that § 521.052 "is only enforceable by the Attorney General"); *see also Patton v. Experian Data Corp.*, 2018 WL 6190349, at *9 (C.D. Cal. Jan. 23, 2018) (explaining that only one of the three sections—§ 521.051—of the TITEPA is enforceable by a private right of action).

The only TITEPA provision enforceable by a private right of action is Section 521.051, which provides: "[a] person may not obtain, possess, transfer, or use personal identifying information of another person without the other person's consent and **with intent to obtain a good, a service, insurance, an extension of credit, or any other thing of value in the other person's name."** § 521.051(a) (emphasis added). Plaintiff does not allege that *Chase* intended to obtain any good, service, insurance, credit, or thing of value in someone else's name. Accordingly, Plaintiff cannot maintain a TITEPA cause of action.

## I. Plaintiff Does Not Adequately Plead a Right to Mental Anguish Damages.

As noted above, the transactions at issue here are governed by contract. Texas law does not support a claim for mental anguish damages arising from a breach of contract. *City of Tyler v. Likes*, 962 S.W.2d 489, 498 (Tex. 1997) ("we have consistently … held that without proof of heightened culpability, mental anguish is not recoverable under other causes of action for injuries to economic rights such as breach of contract"); *Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 483-84 (Tex. App.—Houston [14th Dist.] 1996, no writ) (mental anguish damages are not generally recoverable in a breach of contract claim); *Hallmark v. Hand*, 885 S.W.2d 471, 481 (Tex. App.— El Paso 1994, writ denied) ("mental anguish damages are not recoverable in a cause of action for breach of contract nor in a tort action arising from a contractual breach").

Even if mental anguish damages were available, Plaintiff fails to adequately plead entitlement to such damages. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (An award for mental anguish must be supported by either (1) a substantial disruption in the plaintiff's daily routine, or (2) evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger.); *Bennett v. Grant*, 525 S.W.3d 642, 648 (Tex. 2017) (similar). Accordingly, Plaintiff has not sufficiently pled entitlement to mental anguish damages.

**J.      Plaintiff Does Not Adequately Plead a Right to Punitive Damages.**

Plaintiff offers nothing but naked assertions that he is entitled to punitive damages, but this claim requires an underlying cause of action pled and proved by plaintiff which will permit recovery of punitive damages. *See, e.g.*, *ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 82 (S.D. Tex. 2007), *on reconsideration in part sub nom. ASARCO LLC v. Americas Mining Corp.*, 396 B.R. 278 (S.D. Tex. 2008). The Fifth Circuit has held that a court may consider the adequacy of allegations for exemplary damages at the pleading stage. *Strauch v. Gates Rubber Co.,* 879 F.2d 1282, 1287–88 (5th Cir. 1989) (affirming dismissal of punitive damages claim because no set of facts would permit award), *cert. denied,* 493 U.S. 1045 (1990). For these reasons, the Court should dismiss Plaintiff's bare, conclusory claim of entitlement to punitive damages.

**K.      Further Amendment Would Be Futile and Dismissal Should Be with Prejudice.**

Plaintiff's claims are foreclosed by dispositive, incurable legal bars that amendment cannot remedy. Plaintiff has already amended and been afforded opportunities to replead; yet the FAC repeats incurable defects driven by limitations, contractual notice requirements, statutory preclusions, and the economic loss rule. Courts in this District dismiss complaints with prejudice where further amendment would be futile, particularly when plaintiffs have had prior opportunities to amend. *Rylander v. Vasquez*, 2026 WL 533599, at *2 (S.D. Tex. 2026) (granting motion to dismiss with prejudice because plaintiff already amended his complaint and further amendment would be futile); *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. 4:23-CV- 2961, 2024 WL 1313899, at *6 (S.D. Tex. 2024) (similar); *Johnson v. Yoakum Community Hospital*, 2022 WL 1217734, at *14 (S.D. Tex. 2022) (similar); *Garcia v. Communities in Schools of Brazoria Cnty., Inc.*, 2019 WL 2420079, at *14 (S.D. Tex. 2019) (similar). Thus, the Court should conclude that any further amendment would be futile and dismiss the FAC with prejudice.

# V. CONCLUSION

For these reasons, Chase asks the Court to dismiss Plaintiff's First Amended Complaint in its entirety with prejudice.[1]

Dated: April 15, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Stephen Edmundson*
Jennifer Tomsen
Texas Bar No. 24064535
tomsenj@gtlaw.com
Stephen Edmundson
Texas Bar No. 00796507
edmundsons@gtlaw.com
Steven Higginbotham
Texas Bar No. 24125274
higginbothams@gtlaw.com
Colton C. Marino
Texas Bar No. 24133105
colt.marino@gtlaw.com
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

*Attorneys for Defendant, JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2026, a true and correct copy of the foregoing was served by ECF on all parties and counsel of record and by mail and email to Plaintiff.

*/s/ Stephen Edmundson*
Stephen Edmundson

---

[1] While Chase understands that no pre-filing conference is required for dispositive motions, Chase did attempt to contact Plaintiff on April 13, 2026. Specifically, counsel for Chase called the phone number Plaintiff provided in his pleadings and left a voicemail in the afternoon of April 13, 2026. Plaintiff has not responded.